Gilbane Bldg. Co. v Forthill Constr. Corp. (2023 NY Slip Op 06478)

Gilbane Bldg. Co. v Forthill Constr. Corp.

2023 NY Slip Op 06478

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 652219/18 Appeal No. 1252 Case No. 2023-00020 

[*1]Gilbane Building Company, et al., Plaintiffs-Respondents,
v
Forthill Construction Corp., et al., Defendants-Appellants.
Forthill Construction Corp., Third-Party Plaintiff-Appellant,
v
Travelers Casualty and Surety Company of America, Third-Party Defendant-Respondent.

Rex Whitehorn & Associates, P.C., Roslyn (Jonathan M. Cohen of counsel), for appellants.
Peckar & Ambramson, P.C., New York (Mark A. Snyder of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on June 8, 2022, which insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on liability on their first and second causes of action and ordered a trial on damages, unanimously affirmed, with costs.
Supreme Court properly granted summary judgment to plaintiffs on their first and second causes of action as to liability for defendant Forthill Construction Corp.'s breach of two subcontract agreements (see e.g. Kleinberg Elec., Inc. v E-J Elec. Installation Co., 111 AD3d 410, 411 [1st Dept 2013]). Plaintiffs made a prima facie showing by attaching letters dated December 22, 2017 sent by plaintiffs giving Forthill written notice that it had materially breached the applicable subcontracts by, inter alia, failing to do the work required of it. Plaintiffs gave Forthill 48 hours to cure. Six days later, plaintiffs wrote again to note that Forthill had failed to cure its breaches, so each subcontract was terminated for cause. Forthill does not deny that it did not respond to these letters or that it ceased work by December 22, 2017. This was sufficient for plaintiffs' prima facie showing of entitlement to summary judgment (Kleinberg at 411).
In opposition, defendants failed to raise a triable issue of fact. Even assuming that defendants raised an issue of fact as to plaintiffs' nonpayment of amounts owed prior to Forthill ceasing work, defendants fail to identify any contractual provision entitling them to completely abandon the work in the manner that they did. Defendants' reliance on Section 9.4.4, which allows plaintiffs to terminate the subcontract for convenience, is unavailing as plaintiffs did not rely on Section 9.4.4. Defendants' reliance on Section 3.9 of the subcontracts is also unavailing. The exhibits defendants submitted in opposition to plaintiffs' motion contain no evidence to demonstrate that Forthill alerted plaintiffs that it was asserting a good-faith dispute or claim that amounts owed were outstanding so as to constitute a material breach.
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023